UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER RANDALL,

    Defendant.

_____/

Case No 15-20570

HON. AVERN COHN

## **STATEMENT OF REASONS FOR THE SENTENCE**

I.

This is a criminal case. On February 6, 2017, defendant was sentenced to a custody term of 12 months and one day on his plea of guilty to Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). This Statement supplements the reasons for the sentence made from the bench.

II.

Defendant is 39 years of age. The circumstances of his arrest are described in Exhibit A attached. The events related to his arrest occurred in a roughly ten minute time span. The reasons why he possessed the firearm are not clear in the record. Defendant was initially charged in state court with a weapons offense. Upon dismissal of the state charge, defendant was arrested and charged in federal court with the section 922 (g)(1) offense.

Exhibit A also relates the basis for the federal charge under the Project Safe Neighborhood Program (PSN). The PSN is described in the Statement for Reasons for the Sentence in <u>United States v. Woods</u>, case no. 16-20452. (Doc. 38) and need not be repeated here. As in <u>Woods</u>, the circumstances of defendant's arrest do not appear to implicate the purpose of PSN in that defendant's firearm possession was entirely non-violent.

### III.

As to defendant's sentence, his sentencing guidelines as calculated by the probation department call for a Base Offense Level of 20, later adjusted to 19 for acceptance of responsibility. This represents a 6 level increase based on defendant's 1996 conviction for possession with intent to deliver less than 50 grams of cocaine (attempt). Also, there is a two level increase in the offense level because the firearm was stolen. The probation department also calculated defendant's criminal history as Category VI, producing an overall guideline range of 63 to 78 months. The Rule 11 agreement calls for a Total Offense Level of 19 and criminal history Category II, producing a sentencing range of 37 to 46 months. The guideline scoring under either calculation results in a harsh sentence.

Applying the 18 U.S.C. § 3553 factors is a proper approach considering the nature and circumstances of the offense, its seriousness and the need to promote respect for the law and to promote just punishment. In considering these factors, given the long time between defendant's criminal conduct in the 1990's, the fact that this case lacks a federal interest as contemplated in by the PSN, and the temporal narrowness of defendant's criminal conduct, the Court is satisfied the sentence reflects an appropriate

variance.  See Call v. United States, 552 U.S. 38 (2007), Kimbrough v. United States, 552 U.S. 85, (2007) and United States v. Baker, 502 F.3d 465 (6th Cir. 2007).

                                                  S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 15, 2017
      Detroit, Michigan